*203 OPINIONofthe Court,by
JudgeOwstEY.
Rpches-ter sued out fium a justice of the peace of Estill county, a warrant against William Mcddows for a forcible de-tainer. The warrant having been executed and a jury summoned, Crawford by the assent of the j ustice agreed to waive all exceptions to the regularity of the proceed-fogs and become a defendant in the contest. N Without, bowever, amending the.warrant by inserting the name of *204 Crawford, or in any way making him a party thereto, the jury were called, and being sw orn, by their inquest found the defendants guilty of the forcible detainer men-tinned in the warrant. Crawford then alone, traversed the inquisition, and brought the case before the cir-Cllifc COUl’t.
i he circuit tion of r, quafted the rduféí to ^ ward refiitutioñ as againft M, °h re?and to^he°jufticefS
Upon appeal, laioived, tfeat properw quafli.S ed ¡ bu*there fufai to remand to^te;0°juftixeS Co as to enable him co award orcér^or^reftT tution, was h-1⅞«⅛, and thcretore a eff?a is lent to the circuit court'
On the motion of Rochester, the court dismissed the traverse for irregularities in the proceedings, and aL though applied to for that purpose, refused either to award restitution against Meddows or remand the pa-pC,,s p, tlie justice from whence they came, but awarded restitution against Crawford. firom tins opinion oí that court Crawford has appealed to this court,
The proceedings before the justice were certainly ve* rJ irregular. The oath required to be administered to the jury, confutes their inquiry to the forcible entry or detainer complained of in the warrant. Whether any eih -1' than the person named in the warrant is guilty of the force complained of, can therefore form no part of the duty of the jury in making their inquest: and con-sequentiy any finding in relation to a person not named, cannot authorise a restitution against him. Had the warrant been amended, by consent of the parties, so as to embrace Crawford, then as his guilt or innocence would have been within the cognizance of thy jury, a finding as to him would have been strictly regular. But as no suc^ amendment was made, the agreement of Crawford to become a defendant could in no wise be enforced, nor authorise an inquiry as to him. The in-«ucst as to Crawford was therefore irregular and void, anl^ ^ie circuit court consequently erred in awarding restitution against him,
That judgment must therefore be reversed ; but as the inquest as to Crawford was irregular, and the cause brought by him alone before the circuit court, a j udgment should have been there entered quashing the inquest as to him.
As, however, the inquest was regular as to Meddows, the papers should have been remanded to the justice from whence they came, that restitution might be there had against him.
The appellant must recover his costs in this court.